16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Domingo Z. FERNANDEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3457.
 United States Court of Appeals, Federal Circuit.
 Dec. 5, 1993.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Domingo Z. Fernandez appeals the decision of the Merit Systems Protection Board, No. SE0831920423-I-1, which held that he was not entitled to an annuity under the Civil Service Retirement Act. We affirm.
 
 
 2
 This court reviews decisions of the Merit Systems Protection Board under a limited standard prescribed by statute. We must affirm a board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Fernandez claims entitlement to an annuity on the basis of approximately thirty years of employment with the Department of the Air Force. The records of his employment, however, show that the various positions held were not covered by the Civil Service Retirement Act because he was paid with non-appropriated funds. See 5 U.S.C. Secs. 2105(c) and 8332(b)(16) (1988) (a non-appropriated funds employee is not an "employee" as that term is used in the CSRA and thus is not eligible for retirement benefits). In addition, Fernandez cannot qualify for the exception to this rule created by Public Law 99-638, the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986, because the records show that he was not employed in a position covered by the CSRA on November 9, 1986, as is specifically required by that law. See 5 U.S.C. Sec. 8332(b)(16).
 
 
 4
 The substantial evidence in the record established that Fernandez had never held a position covered by the CSRA. He has therefore not established his entitlement to an annuity under the CSRA by a preponderance of the evidence. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986).